The State ex rel. Wold vs. Hanson.

---

THE STATE EX REL. WOLD, Appellant, vs. HANSON, Respondent.

*February 3 — February 23, 1894.*

87 177
87 180

*Elections: Exclusion of legal votes:* Quo warranto.

The person receiving a plurality of the legal votes actually cast at an election honestly conducted is entitled to the office although, through an error of judgment, the inspectors excluded votes of qualified electors sufficient in number to have changed the result.

APPEAL from the Circuit Court for *Sawyer* County.

This is an action of *quo warranto* to try the title to an office. The relation states that at the election held in Sawyer county on November 8, 1892, both the relator and the defendant were rival candidates for the office of clerk of the circuit court; that of the votes actually cast for that office the relator received 382, and the defendant received 395; that in one voting precinct, where the relator received fifty-nine votes and the defendant received thirty-

three votes, eighteen qualified voters who attended for the purpose of voting, and who intended and desired to vote for the relator for said office, were excluded entirely from the room where the election was held, and so were prevented from voting at the election, by the inspectors and officers of the election; that this was done by reason of the erroneous belief of the inspectors that they were not qualified voters; that the votes of such electors, if they had been received, would have elected the relator; that the defendant was wrongfully declared to be elected, and the certificate of election was given to him; that the defendant has usurped and intruded into said office, and excludes the relator therefrom,— and asks that the defendant be excluded from the said office and that the relator have the same.    There was a general demurrer to the complaint, which was sustained.    The plaintiff appeals.

For the appellant there was a brief by *O'Keefe & Foster* and *O. H. Foster*, and oral argument by *J. J. Miles*. They contended, *inter alia*, that the same rule applies when the inspectors reject legal votes as when illegal votes are received. McCrary, Elections (2d ed.), secs. 423–435, 133–4, 89, 532; 6 Am. & Eng. Ency. of Law, 364; *Scranton Borough Election Contest*, Brightley's Election Cases, 455; *People ex rel. Hayes v. Bates*, 11 Mich. 362; *Harbaugh v. Cicott*, 33 id. 241; *State ex rel. Doerflinger v. Hilmantel*, 21 Wis. 566, 574.

For the respondent there was a brief by *Wickham & Farr*, and oral argument by *James Wickham*. To the point that the exclusion of legal voters, without fraud, cannot be corrected by the courts, they cited *Boyer v. Teague*, 106 N. C. 576; *Kreitz v. Behrensmeyer*, 125 Ill. 141; *Knox Co. Supervisors v. Davis*, 63 id. 405; *Webster v. Byrnes*, 34 Cal. 273; *Hartt v. Harvey*, 19 How. Pr. 245, 252; Mechem, Pub. Off. § 237; *Newcum v. Kertley*, 13 B. Mon. 515; *Burke v. Supervisors*, 4 W. Va. 371; R. S. sec. 75; *State ex rel.*

*Holden v. Tierney*, 23 Wis. 430; *State ex rel. Swenson v. Norton*, 46 id. 332; *State ex rel. Briesen v. Barden*, 77 id. 601.

NEWMAN, J. The real issue in an action of *quo warranto* to test the right of an elective office is, Who received a plurality of the legal votes actually cast at the election? *State ex rel. Swenson v. Norton*, 46 Wis. 332. Ballots offered, but not received by the inspectors of election, can never be made available for either candidate. *Hartt v. Harvey*, 19 How. Pr. 245; Cooley, Const. Lim. (6th ed.), 781; Mechem, Pub. Off. § 237. Much less where the intention is not formulated into a ballot, but rests in intention or desire merely, can it be counted for a vote.

"The exclusion of legal votes — not fraudulently, but through error in judgment — will not defeat an election. It is an error which there is no mode of correcting, even by the aid of the courts, since it cannot be known with certainty afterwards how the excluded electors would have voted; and it is obvious that it would be dangerous to receive and rely upon their subsequent statements as to their intentions, after it is ascertained precisely what effect their votes would have had upon the result. . . . An election honestly conducted under the forms of law ought generally to stand, notwithstanding individual electors may have been deprived of their votes, or unqualified voters have been allowed to participate. Individuals may suffer wrong in such cases, and a candidate who was the real choice of the people may sometimes be deprived of his election; but, as it is generally impossible to arrive at any greater certainty of result by resort to oral evidence, public policy is best subserved by allowing the election to stand, and trusting to a strict enforcement of the criminal laws for greater security against the like irregularities and wrongs in the future." Cooley, Const. Lim., *supra*.

It is not questioned that the election was honestly conducted. No fraud is claimed in the exclusion of voters. It was error of judgment only. Nor is it claimed that any of the votes cast were illegal. Nor is it disputed that the defendant received a plurality of the votes actually cast. The election should stand.

*By the Court.*— The order of the circuit court is affirmed.

