PAWLOWSKI, Respondent, v. THOMPSON, Appellant.

(264 N. W. 723.)

(File No. 7911. Opinion filed February 1, 1936.)

*Atwater & Helm,* of Sturgis, for Appellant.
*John T. Milek,* of Sturgis, for Respondent.

RUDOLPH, J. Plaintiff and defendant were nominees for the office of school district clerk of Tilford school district at the annual school district election held on the 18th day of June, 1935. The defendant was declared elected, and plaintiff brought this proceeding to contest the result as declared by the election board. The basis of plaintiff's contest is that ten persons appearing at the annual meeting cast their votes for the plaintiff; that the election officers refused to count the votes of these ten persons; that these votes, if counted would have elected the plaintiff. The facts disclosed that these ten persons, who were denied the right to vote, appeared at the school district meeting and cast their ballots for the plaintiff. However, when the election board discovered that these ten persons had voted, they refused to count any of the ballots that had been cast, announced to the assembly that the ten were not entitled to vote, and then proceeded to take another ballot excluding the ten persons in question. The result of this second ballot was that the plaintiff received five votes and the defendant eight, and the board thereupon declared the defendant elected. The trial court held that the ten persons whose votes were refused were legally entitled to vote, and decreed plaintiff elected to the office. Defendant has appealed.

█ As stated above, this is an election contest proceeding brought by the plaintiff as a candidate for the office claiming that he was elected thereto and claiming the office. Under these circumstances it is incumbent upon plaintiff to establish his right to the office, and, failing to do that, he must fail so far as this proceeding is concerned.

We pass for the moment the question of the right of the ten persons to vote, and consider, first, the manner in which the election was conducted, and whether that election, in the light of

the facts disclosed by this record, conceding the right of the ten persons to vote, shows plaintiff's right to the office.

■ ■ Section 123 of Chapter 138, Laws of 1931, provides that the voting at the election at the annual school district meeting "must be by ballot." The only ballots cast by these ten persons were included in that vote which was never counted. Conceding that the ten whose votes were finally refused might testify for whom they cast their ballot on the first vote, we are confronted with the fact that the record is entirely silent regarding the result of that first election. Thirteen persons, other than the ten whose votes were not counted, voted on both occasions. We will not conclude that these thirteen voted the same in the first voting as they did in the second when their votes were canvassed. Any such conclusion would of necessity be based upon nothing but conjecture and guess. Any one of a number of different reasons might have caused all or a part of these thirteen persons to change their vote when voting the second time. We suggest that it was very probable that some (perhaps all five who voted for the plaintiff in the second voting) felt that it was wrong to deny the ten the right to vote, and, influenced by that feeling, cast their ballot at the second voting for the plaintiff, where previously they had voted for the defendant. It is impossible to ascertain the true vote on the first ballot from the facts here presented.

So far as the second voting is concerned, these ten persons never cast their ballots. We think it clear that they should not now be permitted to come in and say that they were not permitted to vote, but had they been, they would have voted for the plaintiff and thereby change the result of the election as declared by the election board. It is well established that ballots offered but not received cannot be made available for either candidate. The rule is well stated in Mechem on Public Officers, § 237:

"A voter who did not vote, though legally entitled to do so, and although he did not vote because he was unlawfully prevented can not afterwards be permitted to testify that he would have voted for a certain person, notwithstanding that the lawful votes so excluded would, if cast as intended, have changed the result.

"The election is to be decided by the number of legal votes actually cast, and not by ascertaining what might have been cast.

The election may be held invalid because of the suppression of legal votes, but public policy forbids that, after it is known just how many votes are necessary to change the result, it should be permitted to change it upon the present statement of voters as to their past intentions.

"Where one, therefore, receives a majority of the legal votes cast, the opposing candidate cannot be declared elected upon evidence that legal voters, who would have voted for him, offered to vote, but were erroneously denied the right."

If enough persons to change the result were unlawfully deprived of an opportunity to vote, some courts hold the election void, while others declare that the election should stand and trust to a strict enforcement of the criminal law for security against such wrongs. See Cooley's Constitutional Limitations (8th Ed.) 1403; State ex rel. Wold v. Hanson, 87 Wis. 177, 58 N. W. 237, 41 Am. St. Rep. 38; Pennington v. Hare, 60 Minn. 146, 62 N. W. 116; Martin v. McGarr, 27 Okl. 653, 117 P. 323, 38 L. R. A. (N. S.) 1007; Burke v. Supervisors of Monroe County, 4 W. Va. 371; Pickett v. Russell, 42 Fla. 116, 28 So. 764; Renner v. Bennett, 21 Ohio St. 431.

So far as this case is concerned, conceding the right of the ten persons to vote and their unlawful exclusion, whether we take the view that the second election was void or whether we say the election must stand is immaterial, because in either event the plaintiff has failed to show his right to the office by virtue of this second election. In our opinion, therefore, even conceding the right of these ten persons to vote, the plaintiff has, by this record, failed to show his right to the office as the result of either of the two votes taken.

The judgment appealed from is reversed.

All the Judges concur.